# UNITED STATES BANKRUPCTY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

IPS WORLDWIDE, LLC,

    Debtor.
_____/

Chapter 11
Case No. 6:19-bk-00511-GER

ALEX D. MOGLIA, TRUSTEE,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

Adv. Pro. No. 6:21-ap-00104-GER

## BANK OF AMERICA, N.A.'S
## MOTION FOR PROTECTIVE ORDER

Defendant, BANK OF AMERICA ("**_BANA_**"), by and through its undersigned counsel and pursuant to Rule 26(c) and 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding through Rule 7026 and 7030, Fed. R. Bankr. P., hereby files this motion for protective order and related relief, and states as follows:

### RELIEF SOUGHT

BANA seeks entry of an order of protection such that BANA need not produce a corporate representative for deposition under Rule 30(b)(6) with the "most knowledge" regarding twenty-six (26) areas of inquiry, but instead that BANA may produce a designated corporate representative to testify on those topics, consistent with the Rule. The Plaintiff Trustee's request for the corporate representative with "most knowledge" goes beyond what is required by Rule 30(b)(6) and applicable authority and is otherwise not warranted under the circumstances herein. BANA further

Adv. Pro. No. 6:21-ap-00104-GER

seeks entry of a protective order limiting area of inquiry number 3 to BANA's redacted production in this matter or the main bankruptcy proceeding.

## RELEVANT PROCEDURAL HISTORY

1. The Debtor, IPS Worldwide, LLC (the "Debtor"), filed a voluntary Chapter 11 petition on January 25, 2019. Main Case ECF 1.

2. On April 5, 2019, this Court directed the United States Trustee to appoint a Chapter 11 Trustee [Main Case ECF 290]. Thereafter, the United States Trustee appointed Alex D. Moglia as Chapter 11 Trustee (the "Trustee") [Main Case ECF 291], and the Court approved such appointment [Main Case ECF 308].

3. BANA produced voluminous documents to the Trustee in response to a pre-suit Rule 2004 subpoena, including written policies and procedures with redactions authorized by this Court [Main Case ECF 775]. BANA produced additional voluminous documents to the Trustee in this adversary case.

4. On or about October 26, 2023, Plaintiff's counsel provided an initial list of topics for a proposed deposition of BANA's designated Rule 30(b)(6) corporate representative(s). Counsel for the parties had a lengthy conferral call on or about November 14, 2023 regarding the list of topics for the proposed deposition of BANA's corporate representative(s).

5. On December 1, 2023, Plaintiff's counsel provided the attached revised Notice (**Exhibit "1"**) reflecting amendments as to some, but not all, of the items discussed in the parties' conferral.

Adv. Pro. No. 6:21-ap-00104-GER

6. BANA objects to the Notice and seeks a protective order as to the demand to take the deposition of the corporate representative with the "most knowledge" on each of the 26 areas of inquiry, and as to the scope of area of inquiry number 3 in the Notice[1].

**MEMORANDUM OF LAW AND ARGUMENT**

***A. Legal Standard***

Rule 26(c), Fed. R. Civ.P. provides for the issuance of protective orders. Such protective orders may bee issued to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, *inter alia*, specifying terms for the disclosure or discovery, Rule 26(c)(1)(B), limiting the scope of disclosure or discovery to certain matters, Rule 26(c)(1)(D), and requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. Rule 26(c)(1)(G). The Court has "broad discretion in setting limits on discovery, and Rule 26(c) provides a mechanism by which parties can seek an order to protect privileged or confidential information." *Malibu Media, LLC v. Doe*, No. 2:13-CV-836-FTM-29CM, 2014 WL 1292692, at 3 (M.D. Fla. Mar. 31, 2014). See also, *Shire Development LLC v. Mylan Pharm. Inc.,* No. 8:12–cv–1190–T–30AEP, 2013 WL 6858319, 3 (M.D.Fla. Dec. 30.2013) (citing *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985)). "Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required." *Id*. See also, *Seattle Times v. Rhinehart*, 467 U.S. 20, 36-37 (1984). *Viles & Beckman, P.A. v. Lagarde*, No. 205CV558FTM29SPC, 2006 WL 8438998, at 1 (M.D. Fla. June 29, 2006)

---

[1] On the conferral call, the parties narrowed the scope of BANA's objections. Accordingly, BANA served objections to multiple Definitions referenced in the attached revised Notice (e.g., nos. 9-10 and 23-26) and based on definitions in the Complaint. A copy of the objections is attached as **Exhibit "2."** Based on the conferral between the undersigned and counsel for the Trustee, BANA and the undersigned counsel believe that it is understood and agreed that the deposition proceedings may proceed with the understanding that all such objections are reserved, and that the testimony is subject to those objections.

*"*Generally, when determining whether there is good cause to enter a protective order, the Court "balance[s] the requesting party's interest in obtaining the information or material sought and the other party's interest in keeping the information confidential." *Id*.

### B. BANA is Not Required to Produce the Corporate Representative with "Most" Knowledge as an Improper Term for a 30(b)(6) Deposition Request

The Court's broad discretion over discovery extends not only to individual fact witnesses but to representatives of corporations. Any party may request a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure by serving notice or subpoena upon a corporation. Thereafter, the corporation "must designate one or more … persons who consent to testify on its behalf… The persons designated must testify about information known or reasonably available to the organization." *Id.* However, Rule 30(b)(6) does not state that the designated individual(s) must have the "most knowledge." In fact, use of the term "most knowledge" has been repeatedly found to be improper for Rule 30(b)(6) depositions.

A corporation's duty to prepare a Rule 30(b)(6) witness "extends, beyond matters personally known to the designee, to all information reasonably available to the corporation, whether from documents, past employees, or other sources." *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1321–22 (11th Cir. 2022) (internal quotations omitted). "But a Rule 30(b)(6) deposition is not a memory test, and absolute perfection is not required of a ... witness." *Id*. at 1322. A Rule 30(b)(6) witness "**'need not have** personal knowledge of the designated subject matter,' nor **the most knowledge**." *Tamera Goers & Ashley Cristine Mulligan, individually, & on behalf of all others similarly situated Plaintiffs, v. L.A. Entertainment Group, Inc. & Amer Salameh, Defendants.,* 2017 WL 2578649, *8 (M.D. Fla. June 14, 2017) (emphasis added). A party is "not entitled to depose the corporate representative with the most knowledge of a topic." *Hernandez v. Starbucks,* 2009 WL 10668510, *3 (S.D. Fla. Nov. 18, 2009) *citing Rodriguez v.*

*Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003). "The rule does not expressly or implicitly require the corporation or entity to produce the 'person most knowledgeable' for the corporate deposition." *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). "Not only does the rule not provide for this type of discovery demand, but the request is also fundamentally inconsistent with the purpose and dynamics of the rule. As noted, the witness/designee need not have any personal knowledge, so the 'most knowledgeable' designation is illogical." *Id. See also Chavez v. Grill Enterprises*, *LLC*, No. 1:20-CV-22603, 2022 WL 6568970, at 4 (S.D. Fla. Aug. 15, 2022), report and recommendation adopted, No. 20-CIV-22603, 2022 WL 4244017 (S.D. Fla. Sept. 15, 2022).

Moreover, the *QBE* court further noted that an organization may have good reasons for not producing the most knowledgeable witness, and importantly, the practical difficulty of identifying the person with the most knowledge, and the potential for disputes over the comparative levels of knowledge among potential witnesses. *QBE,* 277 F.R.D. at 688. Demanding that a corporation identify the person with most knowledge of certain topics would "improperly limit the defendant's choice of deponents." *Hernandez,* 2009 WL 10668510 at *3. The party seeking discovery "is not entitled to insist on a specific person as the corporate representative and it likewise cannot demand the testimony of a designee the with the 'most' knowledge of a given matter." *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, 2011 WL 6190160, *8 (S.D. Fla. Dec. 2, 2011) *citing 8A Wright, Miller, & Marcus, Federal Practice and Procedure* §2103, at 477.

In this adversary matter, a Rule 30(b)(6) request has been made for the deposition of corporate representative(s) with the "most knowledge" of 26 areas of inquiry identified in the Notice. If the Rule actually required the person with the 'most' knowledge to testify on each subject, then theoretically BANA might have to designate 26 different people to testify, because

each would be the most knowledgeable on a given topic. *Kendall Lakes*, 2011 WL 6190160 at FN4. BANA should not be required to produce the person with "most" knowledge of each topic for deposition. Indeed, it may be difficult to even identify who may have the most knowledge as to each category. Additionally, certain categories include BANA's internal policies and procedures and trade secrets, the protection of which are of the utmost importance and which provides additional good cause for prohibiting any requirement for a witness with the "most knowledge." For these reasons, BANA respectfully requests entry of a protective order providing that it may designate corporate representative(s) for deposition who, while they will be adequately prepared, need not have the "most knowledge" of any particular area of inquiry. To be clear, BANA does intend to produce corporate representative(s) for deposition at a mutually coordinated place and time, subject to its objections identified herein and the attached Exhibit 2.

    **C. BANA objects to Topic Number 3 of the Listed Topics from the Notice of Taking Deposition of Corporate Representative**

BANA also seeks a protective order as to area of inquiry number 3 of the Notice <u>limiting the area of inquiry to BANA's production in this case</u>. Number 3 seeks, "BANA's policies and procedures and/or rules and regulations for Customer Due Diligence and Enhanced Due Diligence." In this matter, the request for area of inquiry number 3 is overly broad. Furthermore, BANA has already complied with related document request(s) by producing policies and procedures concerning Customer Due Diligence and Enhanced Due Diligence programs (the "Produced Policies") in response to the Trustee's pre-suit Subpoena for Rule 2004 Examination (the "Pre-Suit Subpoena") and/or in discovery in this suit, subject to redactions and protections approved by the Bankruptcy Court. *See* Main Case ECF 775 (the "BANA Discovery Order") at ¶3. As mentioned above, BANA closely safeguards proprietary and commercially sensitive financial information and its related policies and procedures. To the extent the request seeks

Adv. Pro. No. 6:21-ap-00104-GER

testimony outside of the unredacted portions of the BANA-Produced Policies, BANA objects for good cause. The damage that could result from the accidental disclosure of financial information, policies and procedures, and trade secrets, far outweighs any potential benefit that could be garnered from obtaining the requested information in this manner. Thus, BANA objects and is seeking a protective order as to area of inquiry number 3 of the listed areas of inquiry.

Importantly, the Debtor agreed that the topics would be limited to production in this case and the main bankruptcy proceeding for other topics based on the conferral between counsel for the Trustee and BANA. *See, e.g.,* revised area of inquiry nos. 2 ("BANA's KYC policies and procedures **that have been produced in this case**.") and 11 ("BANA's internal records regarding the Debtor's accounts at BANA **that have been produced in this case**.") (emphasis added).

**WHEREFORE,** BANA respectfully requests that this Honorable Court enter an Order: (a) granting BANA's motion for protective as to the improper deposition request for corporate representative(s) with the "**most knowledge**" as to 26 areas, and topic number 3 of the listed areas of inquiry in the Rule 30(b)(6) Notice, and (b) ordering such other and further relief deemed just and proper under the circumstances.

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Bank of America, N.A.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400

By:   */s/ Mark E. Steiner*
       MARK E. STEINER
       Florida Bar No.: 28313
       mes@lgplaw.com
       DORA F. KAUFMAN
       Florida Bar No.: 771244
       dfk@lgplaw.com

Adv. Pro. No. 6:21-ap-00104-GER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this January 24, 2024, copy of the foregoing was served via the Court's electronic case filing system on all of those parties receiving electronic notice in the above-referenced case.

>  */s/ Mark E. Steiner*
> MARK E. STEINER
> Florida Bar No.: 28313
> mes@lgplaw.com